We'll hear argument next in No. 21-2935. Bartlett v. Tribeca Lending Corporation. Mr. Bartlett, whenever you're ready. I'll try not to get too nervous. Mr. Bartlett, we've read your papers and we appreciate your joining us this morning. Thank you, I appreciate it. May it please the court, my name is Gregory Myles Bartlett, pro se, the appellate. This appeal is based on the defendant's, I'm sorry, this appeal is based on the district court's decision to deny me from filing a new independent action granting relief to Rule 60D1, the defendant's void judgment, pursuant to Rule 60B4, where the defendant failed to attain jurisdiction over me, pursuant to untimely service of process and state statute 3084 and federal Rule 12B5 and 12B4. Okay, the district court went on to say that they denied my motion because I asked them to vacate a state court judgment, right, where this is an oral error on part of the state court because I already know that a litigant cannot come from state court asking a federal court to review a state court judgment. Okay, I know that already, right? So now, if I ask this court to look at my exhibits on page 21, exhibit PA7, where I tell the district court, I am not asking this court to review a state court judgment. I made that clear. Okay, I made it clear that I'm not asking the district court to review a state court judgment because I already know that a federal court cannot review a state court judgment. Okay? Secondly, where the state court does not have jurisdiction, I can clearly show this to you. If you look at exhibit D827 in my appendix, exhibit D827, right, the defendants came to my house on May 12 and affixed to my door the summons and complaint, right? Okay, on exhibit D828, they finally mailed out the summons and complaint. They finally mailed it out, right, which is over a year later, Your Honor. It's over a year later, right? So there's no way that the state court can have jurisdiction on, like I mean, percent to state statute 3084, which is you nail it to my door and you have to mail it out within 20 days. Are you still living in that residence? No, Your Honor. No, no, no. Okay. In order for the defendants to have jurisdiction over me, let me slow it down, okay? This is a two-step prong to acquire jurisdiction over me. First, the summons and complaint must be mailed to my door. This is prong one. Prong two, the summons and complaint must be mailed within 20 days from the date of the mailing on my door to obtain jurisdiction over me. The defendants failed to comply, resulting in lack of jurisdiction. Again, Your Honor, I ask you, if you see exhibit 27 where the defendants process server came to my home on May 12 and nailed to my door, nailed to my door the summons and complaint, this is prong one to acquire jurisdiction over me. Next, the defendants must mail the summons and complaint within 20 days. But if you look at exhibit 28, Your Honor, it shows and it establishes that the mailing requirement to acquire jurisdiction over me didn't come until over a year later, which means that I didn't even have to put in my answer yet because process of service was not completed. Process of service was not completed. New York Court of Appeals going to say that, New York Court of Appeals going to say that in order for them to acquire jurisdiction over me, the nailing requirement and the mailing requirements must be strictly complied with, strictly complied with. So as you see by exhibit, Your Honor, I have already proven to you that the state court never had jurisdiction over me. As you see by exhibit on page 21 in my exhibit, exhibit PA7, I told the district court in my motion papers, I'm not asking this court to review any state judgment. I'm coming before you asking you to allow me to file a new independent action, right? Looking for relief against the defendants' void judgment. And their judgment is void because insufficient service of process. Okay, thank you very much. Thank you very much. Mr. Bartlett, the case is submitted. And as I said, we've all read your papers and- And Your Honor, can I just make one more statement? We have four seconds yet. The other side never sent me no reply papers or anything like that. And also, even the other side, if they say something about restriction, it doesn't apply if it's a void judgment. If the judgment is void, they can't say that it can't be- I think we have that argument about the status of the judgment. All right, thank you. Thank you very much, Mr. Bartlett. The case is submitted. And that is our last argued case for today. So we are adjourned. Court is adjourned.